# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

**IN RE: Kenneth J. Taggart**

**Case No: 2:22-cv-00475**

---

# APPELLANT'S REPLY BRIEF

Kenneth Taggart, Pro Se

45 Heron Rd

Holland, Pa 18966

May 16, 2022

TABLE OF CONTENTS

I.      TABLE OF CONTENTS……………………………………………………………ii

II.     TABLE OF AUTHORITIES…………………………………………………..............iv

III.    SUMMARY OF REPLY……………………………………………………………1

IV.     DISCLOSURE………………………………………………………….....................2

V.      JURISDICTION OF THE DISTRICT COURT TO HEAR APPEAL……………………2

VI.     QUESTION BEFORE THE COURT……………………………………………………2

VII.    REPLY ARGUMENT TO APPELLEE BRIEF…………………………………………3

        A. NOT A CORE PROCEEDING……………………………………………………3

        B. IMPROPER RELIANCE ON 11 USC 542………………………….....................7

VIII.   RELIEF REQUESTED BY APPELLANT…………………………………………7

IX.     CONCLUSION…………………………………………………….....................8

## II.   TABLE OF AUTHORITIES

***Citations***

Acolyte Elec. Corp. v. City of New York, 69 B.R. 155 (Bankr. E.D.N.Y. 1986),

     affd, 1987 WL 47763 (E.D.N.Y. 1987)……………………………………………..……1

Charter Crude Oil Co. v. Exxon Co., U.S.A. (In re Charter Co.). 913 F.2d 575

     (11th Cir. 1990)…………………………………………………………………...…..1,7

Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 96 S.

     Ct. 1236, 47 L.Ed.2d 483 (1976 )…………………………………………....…6

Dianoia's Eatery, LLC v. Motorists Mut. Ins. Co., 10 F.4th 192 (3d Cir. 2021)…..………………6

FLR Co. v. Brant Constr. Co. (In re FLR Co.). 58 B.R. 632 (Banla. W.D. Pa. 1985)……...1,7

Goldberg v Kelly, 397 US. 254 (1970) ………………………………………….…………1

Kurtz v EMAK Worldwide, Inc. 464 B.R. 635, 642-43 (D. Del 2011)…………………….…..8

Marlow v. Oakland Gin Co. (In re Julien Co.), 128 B.R.987 (Bankr. W.D.

     Tenn. 1991), affd, 44 F.3d 426(6th Cir. 1995)……………………….………7

Mathews v. Eldridge, 424 U.S. 319 (1976)……………………………………………………1

In re Mec Steel Bldgs., Inc., 136 B.R. 606 (Bankr. D.P.R. 1992)…………………………………...3

IFC Interconsult, AG v. Safeguard Intern. Partners, LLC., 438 F.3d 298, 306 (3d Cir. 2006)….6

In Pacor, Inc v Higgins, 743 F.2d 984 (3rd Cir 1984)………………………………………….…3

Pennzoil Co., Inc. v. Texaco, Inc., 481 U.S. 1, 15, 107 S. Ct. 1519, 1528 (1987)……………5,21

Ryan v. Johnson, 115 F.3d 193, 196 (3d Cir. 1997)…………………………………………6

Rycoline Products, Inc. v. C & W Unlimited, 109 F.3d 883, 890 (3d Cir. 1997)……………...6

Santangelo Law Offices, P.C. v. Touchstone Health LLC (In re Touchstone Home Health

    LLC), No. 17-11134, 2017 WL 3669541, * 19 (Bankr. D. Colo. Aug. 21, 2017)…….....5

United States v. Ins/aw, Inc., 932 F.2d 1467 (D.C. Cir. 991)………………………………1,7

Victoria Alloys, Inc. v. Fortis Bank SA/NV (In re Victoria Alloys, Inc.),

    261 B.R. 424 (Bankr. N.D. Ohio 2001)…………………………………...……...……7

***Statutes/Rules***

11. US.C. §542 …………………………...……………………………………………...…1,3,7

28 U.S.C. 1334(b)……………………………………………………………....................................5

28  U.S.C. § 1334(c)……………………………………………………………….................5

28 U.S.C. §1334……………………………………………………………………....……...1,3

28 U.S.C. §158………………………………………………………………………...……….4

28 U.S.C 157(b)………………………………………………………………………....……1,3

28 U.S.C. §157(c)………………………………………………………………………....….4

## III.   SUMMARY OF REPLY

Appellee, AJX Mortgage Trust I, improperly asserts that this court had jurisdiction by way of the claim being a "core proceeding" as a "related claim" pursuant to 28 U.S.C. 1334. "Related Claims" by definition are "non-core" as they existed outside of bankruptcy court. 28 U.S.C 157(b) does not give the court authority, 28 U.S.C. 1334 does only as a "related claim" which requires consent of all parties to hear the claim. That was not consented to by Taggart. Additionally, the court should have abstained from case as it was soon to be adjudicated in state court. Moreover, Appellee improperly cited 11 U.S.C. 542 to assert authority to turn-over "non-estate property", but 11 U.S.C. 542 is for "estate property". AJX further attempts to use the improper motion to liquidate contract disputes when title is in dispute[1].

Finally, there was no meaningful notice of the hearing with less than 24 hours-notice of taking ones property, nor any meaningful hearing held prior to the order being granted by the court. The lack of due process by the court by way of lack of notice, time to prepare or file brief, lack of oral argument, lack of ability to call witnesses, or cross examine witnesses render the order adjudicated without meaningful due process pursuant to well established case law of the United States Supreme Court, **Goldberg v Kelly, 397 US. 254 (1970)** and **Mathews v. Eldridge, 424 U.S. 319 (1976)**. The lack of due process and taking of property was discriminated against Taggart and violated his due process and property rights.

---

[1] **Debtor cannot use § 542 to liquidate contract disputes or otherwise demand assets when their title is in dispute** United States v. Ins/aw, Inc., 932 F.2d 1467 (D.C. Cir. 1991); seeCharter Crude Oil Co. v. Exxon Co., U.S.A. (In re Charter Co.), 913 F.2d 1575 (11th Cir. 1990); FLR Co. v. Brant Constr. Co. (In re FLR Co.), 58 B.R. 632 (Banla. W.D. Pa. 1985). The title is in dispute via a quiet title action that is pending in state court. An adversary was filed in response to a Motion to Determine Lien filed after this motion was granted. The motion was granted despite the adversary being part of the response, and later dismissed by way of the Chapter 11 dismissal by the bankruptcy court.

It is evident that counsel, Daniel Fanaselle, is unfamiliar with the facts in this case[2] as he has asserted in his *Appellee Brief at 5* that Taggart has not turned over rents[3]. AJX asserts that the order granted by the bankruptcy court was not an abuse of discretion. The standard here is not an abuse of discretion standard, it is whether the court had jurisdiction, followed applicable statues and case law, and whether due process  was effectuated by the court when the taking of Taggart's property was granted by the court. Simply put, this is not an abuse of discretion standard, but application of controlling law and jurisdiction to render such relief.

## IV.    DISCLOSURE

Appellant, Kenneth Taggart, is an individual who filed a Chapter 11 case in the Bankruptcy Court for the Eastern District of Pennsylvania. Appellant is an individual, and not a corporation.

## V.    JURISDICTION OF THE DISTRICT COURT TO HEAR APPEAL

This appeal is a final order from the United States Bankruptcy Court for the Eastern District of Pennsylvania. This court, the District Court for the Eastern District of Pennsylvania, has authority to hear timely appeals that are final orders of the bankruptcy court. This timely appeal made by Debtor of a final order denying relief from stay has been appealed to this court for review.

## VI.    QUESTION BEFORE THE COURT

Did the Bankruptcy Court have jurisdiction and authority to Grant Motion to Turn-Over Non Estate Property?

Suggested Answer: NO

---

[2] Counsel, Daniel Fanaselle, only recently joined the firm after this motion was granted, and by virtue of the response herein, he is not familiar with the facts in this case and the pending appeal.

[3] While under appeal, Taggart has complied with the order by turning over all rents received from the tenant.

## VII.   REPLY ARGUMENT TO APPELLEE BRIEF

Appellee, improperly asserts that the bankruptcy court had jurisdiction to hear this action and that the use of 11 U.S.C. 542 was proper to adjudicate non estate rents and liquidate a contract dispute within the bankruptcy court.

Both, Appellee and the court, concede that the motion was a "related to" action, but Appellee and the court improperly cited authority under 1334 and 157.

### A.  NOT A CORE PROCEEDING

Taggart contends that the court lacked jurisdiction and authority citing the lack of jurisdictional authority for several reasons as set forth herein. Taggart raised several issues regarding jurisdiction of the court citing, *inter alia*, that the claims removed were "non-core" by definition, See In re Mec Steel Bldgs., Inc., 136 B.R. 606 (Bankr. D.P.R. 1992), and the claims were "related to" claims by definition as set forth by the Third Circuit[4].

Core proceedings encompass those claims that are directly related to the bankruptcy court's central functions. These claims must either "arise in" or "arise under" a Title 11 case. See 28 U.S.C. § 157(b). **To be considered a core proceeding, the claim must not be able to exist in law in the absence of the Bankruptcy Code.** Thus, a proceeding is core only if it invokes a substantive right created by federal bankruptcy law. All core proceedings may be heard by a bankruptcy judge, who possesses authority to enter final judgment on the merits.

**... there is no dispute the claims existed outside of bankruptcy**

---

[4] The Third Circuit has established a much-cited standard for determining whether a proceeding is "related." In Pacor, Inc. v. Higgins, 743 F.2d 984 (3rd Cir. 1984), the Court described the test as whether "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy."

On the other hand, a claim is considered **non-core if it is simply related to the underlying bankruptcy case. See 28 U.S.C. § 157(c).** A proceeding is related to a bankruptcy case if the outcome of the action could conceivably have an effect on the administration of the bankruptcy estate**. A non-core claim thus exists outside the bankruptcy action and is one that can be asserted in the absence of the Bankruptcy Code.** A non-core claim, however, *__may not be finally adjudicated by the bankruptcy court absent the parties' consent__.* Rather, barring consent the bankruptcy judge may only submit proposed findings of fact and conclusions of law to the district court for review.

### …Debtor has no consented to adjudication of these non-core proceedings[5]

Although the claims were "related to" the claims in the bankruptcy case, that <u>does not convey jurisdiction to the bankruptcy court without consent of the debtor</u>. See 28 U.S.C. 157(c)[6]. <u>The debtor clearly objected to the jurisdiction of the court and did not consent to the court  for it to ear this action and filed a motion to remand.</u> Taggart contends that the court should have abstained pursuant to "related jurisdiction" under Arnold Print Works v. Apkin. The court failed to opine on any jurisdictional issues raised by Taggart. Appellee's concede the case is only "Related to" the bankruptcy. The opinion was devoid of how the court had jurisdiction, if the

---

[5] **A non-core claim, however, may not be finally adjudicated by the bankruptcy court absent the parties' consent.** See 28 U.S.C. 157(c). Rather, barring consent the bankruptcy judge may only submitproposed findings of fact and conclusions of law to the district court for review.

[6] 28 US.C. 157(c) (1) A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.(2) Notwithstanding the provisions of paragraph (1) of this subsection, the district court, **with the consent of all the parties to the proceeding,** may refer a proceeding related to a case under title 11 to a bankruptcy judge to hear and determine and to enter appropriate orders and judgments, subject to review under section 158 of this title.

4

procedure of removal was effectuated properly by the Appellee's. "Related to" jurisdiction is the most expansive component of bankruptcy jurisdiction, see 28 U.S.C. § 1334(b), but it is not boundless. See, e.g., Arnold Print Works v. Apkin, 815 F.2d at 165, 167 (1st Cir.1987) (abstention from hearing non-core "related to" matters is permissive and sometimes mandatory). Abstention in the context of bankruptcy cases is statutory, see 28 U.S.C. § 1334(c), and has been extended to administrative and Federal forums.

### a.  Turn-Over Not a Core Proceeding

In debtor's action alleging damages from breach of contract and interference with ability of debtor contractor to timely perform under contract, where legitimate dispute existed as to whether debtor was entitled to recover funds claimed due under contract, and **resolution of action involved state law determination of defendant's liability under contract, proceeding was not true "turnover" proceeding and therefore did not constitute "core proceeding."** Acolyte Elec. Corp. v. City of New York, 69 B.R. 155 (Bankr. E.D.N.Y. 1986), affd, 1987 WL 47763 (E.D.N.Y. 1987). - **EMPHASIS ADDED.**

### b.  Claims ready for trial in state court

They could have been adjudicated had a "Stay" not been imposed by the court. They were scheduled for trial in December 2021,   Santangelo Law Offices, P.C. v. Touchstone Health LLC (In re Touchstone Home Health LLC), No. 17-11134, 2017 WL 3669541, * 19 (Bankr. D. Colo. Aug. 21, 2017) (A Stay lifted to permit continuation of arbitration proceeding that was largely completed when concluding the arbitration would liquidate creditor's claim and be less expensive and more expeditious for various reasons, including limited appellate rights)

**c. Abstention**

Even if the court could somehow find that this is a core matter, the first filed rule is well settled law within the third circuit, and the court must abstain from hearing the claims, This court should abstain from hearing this case pursuant to the **"first filed rule',** Dianoia's Eatery, LLC v. Motorists Mut. Ins. Co., 10 F.4th 192 (3d Cir. 2021). Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 96 S. Ct. 1236, 47 L.Ed.2d 483 (1976 ).

The threshold issue that must be decided in a Colorado River abstention case is whether the two actions are "parallel." Ryan v. Johnson, 115 F.3d 193, 196 (3d Cir. 1997). <u>"[P]arallel cases involve the same parties and 'substantially identical' claims, raising 'nearly identical allegations and issues.'"</u> IFC Interconsult, AG v. Safeguard Intern. Partners, LLC., 438 F.3d 298, 306 (3d Cir. 2006) (citations and quotations omitted). Other considerations are: (1) which court first assumed jurisdiction over a relevant res, if any; (2) whether the federal court is inconvenient; (3) whether abstention would aid in avoiding piecemeal litigation; (4) which court first obtained jurisdiction; (5) whether federal or state law applies; and (6) whether the state action is sufficient to protect the federal plaintiff's rights. Rycoline Products, Inc. v. C & W Unlimited, 109 F.3d 883, 890 (3d Cir. 1997). Accordingly, because (1) the state court first obtained jurisdiction, (2) the state court has jurisdiction over Debtors property, which is located in Philadelphia County, Pennsylvania, (3) the quiet title and foreclosure action(s) are parallel to this case, (4) the quiet title and foreclosure action(s) not yet come to final judgment, but may soon be adjudicated upon relief from stay, (5) Taggart's rights and claims could be vindicated in the quiet title action, and foreclosure action and state appellate process, and (6) a ruling in this court on Taggart's claims would unnecessarily cause havoc with the rulings of the state court. This Court should have abstained from hearing the motion as there was no consent by Debtor.

6

## B.  IMPROPER RELIANCE ON 11 USC 542

11 U.S.C. § 542, the turnover provision of the Bankruptcy Code, may not be used to acquire rights the debtor does not have as of the commencement of the case or to determine disputed rights to property; rather, it is intended as a remedy to obtain what is acknowledged to be property of the estate. Victoria Alloys, Inc. v. Fortis Bank SA/NV (In re Victoria Alloys, Inc.), 261 B.R. 424 (Bankr. N.D. Ohio 2001); Marlow v. Oakland Gin Co. (In re Julien Co.), 128 B.R.987 (Bankr. W.D. Tenn. 1991), ajfd, 44 F.3d 426(6th Cir. 1995).  As noted, AJX asserts that 1) it is the owner of a note and mortgage, and 2) that there is default on the note and/or mortgage. All of these issues are in dispute in three actions pending in the Philadelphia Court of Common Pleas. None of which have been resolved. **Debtor cannot use § 542 to liquidate contract disputes or otherwise demand assets when their title is in dispute.** United States v. Ins/aw, Inc., 932 F.2d 1467 (D.C. Cir. 1991); see Charter Crude Oil Co. v. Exxon Co., U.S.A. (In re Charter Co.), 913 F.2d 1575 (11th Cir. 1990); FLR Co. v. Brant Constr. Co. (In re FLR Co.), 58 B.R. 632 (Banla. W.D. Pa. 1985).

## VIII.  RELIEF REQUESTED BY APPELLANT

Appellee improperly asserts that Appellant has not requested relief. Appellant has specifically pled that the bankruptcy court lacked jurisdiction and authority to grant motion of AJX to Turn-Over non estate property. As Such, he has appealed this mater for review and requested the appellate court vacate the order of the bankruptcy court for lack of jurisdiction and authority to grant said order.

7

## IX.   CONCLUSION

Appellee has not presented any cogent argument rebutting Appellants claim that the court lacked jurisdiction and authority. Counsel, Daniel Fanaselle, brief reflects he is not apprised of the facts in this case and merely employs the typical attempts of countering a Pro Se Brief by alleging that the argument is deficient and fails to state claim for relief. Appellee even attempts improperly to assert that the filing of a claim in the bankruptcy court and relying on Kurtz v EMAK Worldwide, Inc. 464 B.R. 635, 642-43 (D. Del 2011) was proper. This case is inapposite and the claims are not identical to the claims in the state court proceedings. There are other claims aside from this issue including title claims ,whether there was a breach of contract by both Appellant and Appellee, and Counter –Claims in the one state court action. Any assertion of relevancy under Kurtz v EMAK Worldwide, Inc. 464 B.R. 635, 642-43 (D. Del 2011) would circumvent state court claims, including defenses to said claims in a quiet title action, foreclosure, and breach of contract claims.

Appellee clearly understand Appellants lack of due process regarding as there was a lack of any meaningful hearing as stated herein.  The court may glean from the record, no argument was permitted prior to granting order to take Appellant's property.

What is clear in gleaning from the record and Appellee Brief is that Appellee clearly understands Appellant's argument that the court lacks jurisdiction and authority, but simply fails to offer any relevant statute or case law to support their argument. As Such, the court should VACATE the order of the bankruptcy court to Turn-Over non estate property.

/s/Kenneth Taggart
Kenneth Taggart

May 16, 2022

8